UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RUDOLPH GORDON COOPER, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUREAU OF CRIMINAL<br>APPREHENSION,<br><br>　　　　Defendant. | Civil No. 06-1048 (JMR/SRN)<br><br><br>**REPORT AND RECOMMENDATION** |

　　This matter is before the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

　　Plaintiff, a Minnesota prison inmate, commenced this action on March 14, 2006, by filing a complaint seeking relief under 42 U.S.C. § 1983.  (Docket No. 1.)  He claims that the named Defendant, Minnesota Bureau of Criminal Apprehension, violated his federal constitutional rights by extending the term of his "registration," (apparently as a sex offender), under Minnesota law.

　　Plaintiff did not tender the full $250.00 filing fee for this action, as required by 28 U.S.C. § 1914(a), but he instead filed an application seeking leave to proceed in forma pauperis, ("IFP").  (Docket No. 2.)  Because Plaintiff is a prisoner, he is not entitled to proceed IFP, unless he first pays an initial partial filing fee in accordance with the formula prescribed by 28 U.S.C. § 1915(b)(1).  In this case, the initial partial filing fee required under § 1915(b)(1) is $26.14.

On March 16, 2006, the Court entered an order, (Docket No. 3), which directed Plaintiff to pay his $26.14 initial partial filing fee within twenty days, failing which the Court would recommend that this action be summarily dismissed without prejudice. That order also pointed out that this action apparently could not survive the initial screening process prescribed by 28 U.S.C. § 1915A, because State agencies, such as the named Defendant, Bureau of Criminal Apprehension, normally are immune from suit in federal court by reason of the Eleventh Amendment to the Constitution. Glick v. Henderson, 855 F.2d 536, 540, (8th Cir. 1988); Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Quern v. Jordan, 440 U.S. 332, 341-45 (1979)).

Plaintiff responded to the prior order by sending a letter to the Court, which was received and filed on March 28, 2006. (Docket No. 4.) That letter states, in part, as follows:

> "Since I cannot bring a lawsuit in federal court against the Bureau of Criminal Apprehension because they are a State agency then there is no reason for me to pursue this action in the federal system."

The Court understands Plaintiff's letter to be a request for a voluntary dismissal of this action. Because Defendant has not filed an answer or other response to Plaintiff's pleading in this matter, Plaintiff is entitled to voluntarily dismiss this action, as a matter of course, under Fed. R. Civ. P. 41(a). It is therefore recommended that this action be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a).[1]

---

[1] Plaintiff has tendered a fee payment in the amount of $10.15, which he apparently believed, (mistakenly), was the correct amount of his initial partial filing fee. In his letter to the Court, (Docket No. 4), Plaintiff has asked whether that payment can be refunded to him. However, Plaintiff has not cited any legal authority suggesting that such a refund could

RECOMMENDATION

Based upon the above, and upon all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a).

Dated: April 4, 2006

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 20, 2006,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.

---

properly be made under the present circumstances, and the Court is not independently aware of any legal authority that would require, or even permit, such a refund.